UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE ROBERT SOTELO, )<br>)<br>*Petitioner,* )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent.* ) | Cause No. 3:16-cv-375 RLM<br>(Arising from 3:95-cr-1 RLM) |

OPINION AND ORDER

George Sotelo was convicted of six counts of mailing threatening communications, 18 U.S.C. § 876(b), (c). This matter is before the court on Mr. Sotelo's motion to vacate his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies Mr. Sotelo's motion.

I. BACKGROUND

A jury found Mr. Sotelo guilty of six counts of mailing a threatening communication. 18 U.S.C. § 876(b), (c). On three separate dates he mailed to Carolyn Barlow a communication containing a threat to injure Ms. Barlow and others, in violation of § 876(c), and did so with intent to extort money from her, in violation of § 876(b). He was sentenced to 240 months imprisonment for the three extortion-based violations and 22 months for the three general threat violations, to be served consecutively. Mr. Sotelo's sentence was enhanced for committing a "crime of violence" while having at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense," U.S.S.G. §

4B1.1(a), and the final sentence fell within the recommended range of 210 to 262 months. The prior felony convictions aren't at issue. The issue is whether, after the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2251 (2015), a violation of § 876(b) or (c) is a "crime of violence" as defined under § 4B1.2. If not, Mr. Sotelo might be entitled to resentencing.

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"];

18 U.S.C. § 924(e)(2)(B). Johnson held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend. V. Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Mr. Sotelo wasn't sentenced according to the definition of "violent felony" in the ACCA, but under identical language in § 4B1.2 of the Guidelines defining the term "crime of violence." Mr. Sotelo argues that a § 876 violation isn't a "crime of violence" as defined under § 4B1.2 for three reasons: first, § 876 isn't a "crime

of violence" under the elements clause, § 4B1.2(a)(1); second, § 876 isn't a "crime of violence" under the enumerated offenses clause, § 4B1.2(a)(2); and third, § 876 isn't a "crime of violence" under the residual clause, § 4B1.2(a)(2), because the residual clause is unconstitutional under Johnson.[1] As a result, he shouldn't have been subject to § 4B1.1(a)'s career offender enhancement. Mr. Sotelo filed a petition under 28 U.S.C. § 2255 asking that his sentence be vacated and he be resentenced without the career offender enhancement.

II. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Issues not argued and decided on direct appeal generally can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). Mr. Sotelo filed his motion to correct his sentence within one year of when "the right asserted was initially recognized by the Supreme Court" in United States v. Johnson, 135 S. Ct. 2551

---

[1] While Mr. Sotelo awaited this order, the court of appeals held that the residual clause of § 4B1.2(a)(2) violates the Due Process Clause because it's "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." United States v. Hurlburt, No. 15-1686, 2016 WL 4506717, at *3 (7th Cir. Aug. 29, 2016) (quoting Johnson, 135 S. Ct. at 2556).

3

(2015) and "made retroactively applicable to cases on collateral review" in Welch v. United States, 136 S. Ct. 1257 (2016). 28 U.S.C. § 2255(f)(3).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Sotelo's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

III. Discussion

Mailing threatening communications under § 876(b) or (c) is a "crime of violence" under the elements clause of Guidelines § 4B1.2(a). In interpreting the Guidelines, the court of appeals held that a § 876 violation is a "crime of violence." United States v. Sullivan, 75 F.3d 297 (7th Cir. 1996). Sullivan is still good law and binds this court's interpretation of § 4B1.2(a).

Mr. Sotelo objects to applying Sullivan to his case for two reasons: (1) Sullivan is based on the incorrect assumption that § 876 is divisible for purposes of analyzing its elements and (2) Sullivan doesn't reflect changes in the interpretation of "physical force" after cases like United States v. Johnson, 559 U.S. 133 (2010). The court disagrees with both reasons.

First, analysis of whether a crime "has as an element the use, attempted use, or threatened use of physical force," § 4B1.2(a)(1), is based on "the statutory

4

elements of the offense, not the actual facts underlying the conviction." United States v. Duncan, No. 15-3485, 2016 WL 4254936, at *2 (7th Cir. Aug. 12, 2016) (citing Descamps v. United States, 133 S. Ct. 2276, 2283 (2013)). The exclusive focus on the elements of the crime rather than the specifics of how the defendant committed the crime is known as the "categorical approach."

Conviction under § 876(b) and (c) requires proof that the communication contain "any threat to kidnap any person or any threat to injure the person of the addressee or of another." 18 U.S.C. § 876(b), (c). Mr. Sotelo argues that Sullivan only dealt with the "threat to injure" half of this clause. Under the categorical approach, he says, the threat to kidnap and the threat to injure constitute a single indivisible element. Because kidnapping can occur without use of force, he says, § 876 isn't a "crime of violence" under the elements clause.

After Mr. Sotelo filed his motion to dismiss, the Supreme Court decided Mathis v. United States, 136 S. Ct. 2243 (2016), which elaborates on the method for parsing out the "elements" of a particular offense under Descamps v. United States, 133 S. Ct. 2276 (2013).

The first step is to determine whether "containing any threat to kidnap any person or any threat to injure the person" lists out alternative elements to § 876 violations or alternative means of commission. *See* Mathis, 136 S. Ct. at 2256. "If statutory alternatives carry different punishments, then under Apprendi[ v. New Jersey, 530 U.S. 466 (2000)], they must be elements." *Id.* The statutory punishments under § 876 are identical, regardless of whether the crime is

5

carried out with threat of kidnapping or of injury. This suggests that the kidnapping-injury distinction is one of means, not elements.

"Conversely, if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission." *Id.* The two routes for violation of § 876 aren't simply illustrative examples. <u>Mathis</u> provides as example a statute requiring use of a "deadly weapon" that then lists examples of objects that would qualify as "deadly weapons." *Id.* at 2249. Whether the crime is carried out with a rope or a candlestick only impacts the means of commission. It isn't necessary to prove which one was used in order to prove guilt of the overall crime. Listing them in the statute only helps guide interpretation of "deadly weapon."

The options of "threat to kidnap" and "threat to injure" under § 876 are more than illustrative examples of how to commit the crime of mailing threatening communications. Nothing indicates what a "threat to kidnap" or a "threat to injure" would be an example. This is unlike the <u>Mathis</u> model, where the listed objects are all examples of "deadly weapons." This approach suggests that the kidnapping-injury distinction is one of elements, not means.

The next method for separating elements and means is to look at the record "for the sole and limited purpose of determining whether the listed items are elements of the offense." *Id.* at 2256-57 (internal quotations omitted). "[A]n indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." *Id.* at 2257. The indictment and jury instructions support the conclusion that "threat to injure" and "threat

6

to kidnap" are distinct elements. Mr. Sotelo was explicitly charged with making written communications, each of which "contained a threat to injure the persons of Carolyn Barlow, Yvonne Webster, Emily Nagayma, and Chelsea Nagayma." No count mentions "threat to kidnap" as an alternative means of commission. The jury instructions ask the jury to find the same. This approach also suggests that the kidnapping-injury distinction is one of elements, not means.

Even though the statute doesn't prescribe different punishments based on whether the § 876 violation has a "threat to injure" or a "threat to kidnap," the Mathis methods overwhelmingly point to the statute being divisible based on these grounds. This conclusion is consistent with the rest of the Court's reasoning. "'Elements' are the constituent parts of a crime's legal definition – the things the prosecution must prove to sustain a conviction. At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Id.* at 2248 (internal quotations omitted). It would have been insufficient for the jury to find Mr. Sotelo guilty by means of a "threat to kidnap."

The two alternatives for § 876 violations are alternatives in the overall elements of the crime, not in the means of commission, and so the statute is divisible for purposes of determining whether it falls under the elements clause. The next issue is whether a § 876 violation based on a "threat to injure" "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). It does.

7

The court of appeals already addressed whether a § 876 violation is a "crime of violence" under § 4B1.1. United States v. Sullivan, 75 F.3d 297 (7th Cir. 1996). The rationale in Sullivan was based on the court's holding that threat to inflict bodily harm upon the President, 18 U.S.C. § 871, is a crime of violence. United States v. Poff, 926 F.2d 588 (7th Cir. 1991). The court held that "[t]hreats are themselves a form of violence that may be costly and dangerous to society in a variety of ways, even when their authors have no intention whatever of carrying them out." *Id.* at 590 (internal quotes omitted). The "threat to inflict bodily harm" in § 871 allowed "[n]o semantical contrivance [to] avoid the simple conclusion that the conduct involved in this offense is . . . the 'threatened use of physical force against the person . . . of another." United States v. McCaleb, 908 F.2d 176, 178 (7th Cir. 1990), *cited in* Poff, 926 F.2d at 590. As the court recognized in Sullivan, there is no reason to treat the "threat to injure" language in § 876 any differently than in § 871. As Mr. Sotelo notes, it's possible to intentionally injure without the use of force, such as by a doctor who deliberately withholds vital medicine. That isn't how this phrase is understood in § 876 and the court of appeals makes that plain.

Mr. Sotelo argues that cases like United States v. Johnson, 559 U.S. 133 (2010) narrowed the interpretation of "physical force" to mean "*violent* force – that is, force capable of causing physical pain or injury to another person," Johnson, 559 U.S. at 138, so that one could threaten injury under § 876 without falling under the elements clause. The narrowed meaning of "physical force" isn't a high bar. "Physical force" "might consist of nothing more than a slap in the

8

face." United States v. Duncan, No. 15-3485, 2016 WL 4254936, at *3 (7th Cir. Aug. 12, 2016) (interpreting the elements clause of the ACCA).

Duncan instructs that it's sufficient to put the victim in fear of physical force. The Indiana crime of robbery "by fear," requires fear of bodily injury. *Id.* at *5. Fear of bodily injury is sufficient for the elements clause so long as the law requires "proof that the robber put the victim in fear that the robber was prepared to use 'physical force,'" "force capable of causing physical pain or injury to another person." *Id.* The same goes for a "threat to injure" under § 876. The Duncan threshold is met as long as the offender threatens "force capable of causing physical pain *or injury* to another person." *Id.* (emphasis added). As "threat to injure" is understood in Sullivan, the minimal level of "violent force" required under Duncan is built into this element. Mr. Sotelo hasn't cited any cases indicating that the court of appeals considers "threat to injure" under § 876 to cover the supposedly non-violent, hypothetical threats he suggested.

"Threat to injure" is an element of § 876 that requires threat of the use of physical force against the person of another. Mailing threatening communications under § 876(b) or (c) with a "threat to injure" is thus a "crime of violence" under the elements clause of § 924(c) and Sullivan is good law regarding these kinds of § 876 violations. The court's application of the § 4B1.1 career offender guideline at Mr. Sotelo's sentencing was lawful.

IV. Conclusion

Based on the foregoing, the court DENIES Mr. Sotelo's motion to vacate [Doc. No. 75].

SO ORDERED.

ENTERED: <u>October 14, 2016</u>

<u>/s/ Robert L. Miller, Jr.</u>
Judge
United States District Court